**Joan Larae CARRAFA Plaintiff–Appellant,**

v.

**Raymond MIDDLETON, Respondent–Appellee.**

No. 01–15625.

DC No. CV–99–03905–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Decided Aug. 8, 2002.

---

Before FISHER and PAEZ, Circuit Judges, and MOLLWAY,[1] District Judge.

### MEMORANDUM [2]

Joan Larae Carrafa ("Carrafa") was convicted in a jury trial in California state court of Armed Robbery and of First Degree Murder with Special Circumstances. Carrafa appeals the denial of a 28 U.S.C. § 2254 petition that claimed that counsel in her appeal to the California Court of Appeal was ineffective in failing to argue that the state trial court had improperly admitted prejudicial and inflammatory evidence and had improperly denied her motions to substitute counsel. We have jurisdiction over Carrafa's appeal pursuant to 28 U.S.C. §§ 1291 and 2253. *Lockhart v. Terhune*, 250 F.3d 1223, 1226 (9th Cir. 2001). We affirm.

The facts and proceedings in the district court are familiar to the parties and recited here only as necessary. We review *de novo* a district court's denial of a § 2254 petition. *Bailey v. Newland*, 263 F.3d 1022, 1028 (9th Cir.2001), *cert. denied,* — U.S. ——, 122 S.Ct. 1556, 152 L.Ed.2d 479 (2002).

Carrafa's claims of ineffective assistance of appellate counsel are reviewed under *Strickland v. Washington*, 466 U.S. 668, 687–89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Bailey*, 263 F.3d at 1028. Carrafa must show that: 1) her appellate counsel's performance fell below an objective standard of reasonableness, and 2) there is a reasonable probability that, but for her counsel's unprofessional errors, she would have prevailed on her state court appeal. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989) (applying *Strickland*).

Carrafa first argues that her appellate counsel was ineffective in failing to challenge the admission at trial of certain photographs and correspondence. We disagree. Appellate counsel sometimes fails to raise an issue, not because he or she is ineffective, but because he or she sees little or no likelihood of success on that issue. *Id.* "[T]he weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." *Id.* The photographs and correspondence were properly admitted to refute Carrafa's defense of mistaken identity and to establish her long and close relationship with an accomplice. Counsel's decision not to appeal that matter was objectively reasonable. Even had it been unreasonable, Carrafa shows no prejudice, as it is not reasonably probable that she would have prevailed had the matter been raised. Fingerprint and hair evidence, as well as eyewitness testimony, supported her conviction even without the photographs and correspondence.

Carrafa next argues that her appellate counsel was ineffective in failing to challenge the trial court's denial of her two motions to substitute counsel. We disagree. Under *People v. Marsden*, 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 (Cal. 1970), and its progeny, a defendant is entitled to substitute counsel when the record clearly shows that a defendant's attorney is not providing adequate representation or when the defendant and counsel have become embroiled in such an "irreconcilable conflict" that ineffective representation is likely. *People v. Spirlin*, 81 Cal. App.4th 119, 97 Cal.Rptr.2d 1, 4 (Ct.App.

1. Honorable Susan Oki Mollway, United States District Judge for the District of Hawaii, sitting by designation.

2000). Carrafa complained that her attorneys had disagreed with her decision to rely on a "not guilty" defense. This disagreement on trial strategy was not an "irreconcilable conflict." Nor did trial counsel's allegedly unauthorized disclosures to the court and the government establish an "irreconcilable conflict." Carrafa did not show a total lack of communication with her trial attorneys or other significant impediment creating a Sixth Amendment violation. Her appellate counsel was therefore not ineffective in failing to argue that Carrafa should have been afforded substitute trial counsel.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

